IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JESSICA ADAMS,

    Plaintiff,

v.                                                           Civ. No. 18-925 KG/GBW

C3 PIPELINE CONSTRUCTION,

    Defendant.

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION REGARDING PLAINTIFF'S MOTION TO AMEND

THIS MATTER comes before the Court on Plaintiff's Rule 15 Motion to Correct the Name of Defendant C3 Pipeline and Request that Judgment Be Entered Under the Corrected Name. *Doc. 58*. Having considered the motion, the undersigned recommends the motion be denied without prejudice to a subsequent motion to amend.

### Procedural History

Plaintiff filed suit in state court on August 30, 2018. *See doc. 1*, Ex. A. This case was removed to federal court by Defendant Plains All American Pipeline, LP, from the First Judicial District Court of New Mexico on October 3, 2018. *Doc. 1*. Defendants Alpha Crude Connector, LLC, Plains All American GP, LLC, Plains All American Pipeline, LP, Plains GP, LLC, and Plains Pipeline, LP ("Plains Defendants") filed their answer to the complaint on October 10, 2018, and concurrently filed for summary judgment. *Docs. 4*, *6*. On May 23, 2019, the Court granted the motion for summary

judgment and denied Plaintiff's Rule 56(d) request for additional discovery. *Doc. 16*. All claims against the Plains Defendants were thereby dismissed. *Doc. 18*.

On the same day, the Court issued an Order to Show Cause, directing Plaintiff to either effect service on Defendant C3 Pipeline Construction, Inc. or provide the Court with a written explanation why service had not been effected during the nine months since filing. *Doc. 17*. Plaintiff filed an Affidavit of Service on June 6, 2019, indicating that Cody Martin, the owner of C3 Pipeline Construction, Inc., had been served at 426 Horseshoe Road, Winnfield, LA 71483 at 9:30 a.m. CDT on May 30, 2019. *Doc. 19*. Based on Defendant C3 Pipeline's failure to answer the complaint or make an appearance on the record, Plaintiff moved for entry of default judgment on June 23, 2019. *Doc. 21*. The Clerk's Entry of Default was filed on June 24, 2019. *Doc. 22*.

On July 22, 2019, the Court granted Plaintiff's motion and entered default judgment on all issues of liability in favor of Plaintiff and against Defendant C3 Pipeline Construction, Inc. *Doc. 23*. On August 5, 2019, the Court entered an order referring the case to the undersigned in order to conduct a Fed. R. Civ. P. 55(b)(2)(B) damages hearing. *Doc. 28*. A hearing to assess the amount of damages was held before a jury and the undersigned on October 28, 2019. *Doc. 51*. Before a recommendation based on the jury's answers was submitted to the District Judge, Plaintiff filed the instant motion.

**Relief Sought by Plaintiff**

In Plaintiff's Motion, she explains that the name of the defaulting defendant was incorrect in the Complaint. Specifically, she states that, rather than Defendant C3 Pipeline Construction, Inc. as described in the Complaint, she and the individual tortfeasors were employed by C3 Pipeline Services LLC. Consequently, Plaintiff asks the Court to "allow Plaintiff to file an amended complaint to change Defendant C3 [Pipeline Construction, Inc.] to C3 Pipeline Services LLC [and] that the Court enter judgment against C3 Pipeline Services LLC in accordance with the jury's advisory verdict . . . ." *Doc. 58* at 7.

**Plaintiff's Authority and Argument**

In support of amending the complaint and entering the damage award against C3 Pipeline Services LLC, Plaintiff relies on two lines of argument. First, she points to caselaw which permits defendants who were erroneously named in the EEOC administrative proceedings to still be sued in federal court notwithstanding the jurisdictional prerequisite that aggrieved parties may only bring a civil action "against the respondent named in the charge . . . ," after exhausting administrative remedies. *Romero v. Union Pac. R.R.*, 615 F.2d 1303, 1311–12 (10th Cir. 1980) (quoting 42 U.S.C. § 2000e-5(f)(1)). Indeed, when such an error occurs, the court must look at certain factors designed to weigh the relationship between the EEOC respondent and the defendant as well as the equities in overlooking the error. *Id*. Plaintiff did name C3 Pipeline

3

*Construction, Inc.* in her charge before the EEOC. Consequently, the *Romero* factors would be relevant if she had filed suit against C3 Pipeline *Services LLC* and faced a motion to dismiss based on a failure to exhaust administrative remedies. But the *Romero* factors do not answer whether Plaintiff should be permitted to amend her complaint, let alone whether that amended complaint could be the basis for an immediate damages award.

Plaintiff's second line of argument focuses on Fed. R. Civ. P. 15(c). Under Rule 15(c), "[a]n amendment to a pleading relates back to the date of the original pleading when:

> […]
> (C) the amendment changes the party or the naming of the party against
>     whom a claim is asserted, if Rule 15(c)(1)(B) is satisfied and if, within
>     the period provided by Rule 4(m) for serving the summons and
>     complaint, the party to be brought in by amendment:
>     (i) received such notice of the action that it will not be prejudiced in
>         defending on the merits; and
>     (ii) knew or should have known that the action would have been
>         brought against it, but for a mistake concerning the proper
>         party's identity."

Fed. R. Civ. P. 15(c)(1). Indeed, based on the limited information before the Court, the facts of this proposed amendment appear to fit within the requirements of Rule 15(c)(1)(C). However, an argument for amending a pleading under Rule 15(c) skips a step. By its clear terms, Rule 15(c) determines only whether an amendment relates back to the date of the original pleading, primarily to address statute of limitation issues. It does not itself authorize the amendment in the first place. The authorization and

mechanism for amending pleadings are governed by Rule 15(a) and Rule 15(b). Only after an amendment is permitted does the relation-back question under Rule 15(c) come to the fore. *See, e.g., Krupski v. Costa Crociere*, 560 U.S. 538, 553 (2010) ("As the contrast between Rule 15(a) and Rule 15(c) makes clear, however, the speed with which a plaintiff moves to amend her complaint or files an amended complaint after obtaining leave to do so has no bearing on whether the amended complaint relates back."); *Arthur v. Maersk, Inc.*, 434 F.3d 196, 202–03 (3d Cir. 2006) ("Leave to amend under subsection (a) and relation back under subsection (c), while obviously related, are conceptually distinct."); *Caban-Wheeler v. Elsea*, 71 F.3d 837, 841 (11th Cir. 1996) (decision whether to allow a plaintiff to amend the complaint is separate from, and based upon a different standard than, the decision whether the amendments relate back to the original complaint); *Van de Cruize v. United States*, 1998 WL 426722 at *1 (E.D.N.Y. June 18, 1998) (permitting relation back of § 2255 petition pursuant to Rule 15(c) does not jeopardize statute's structure to timely resolve such matters because the court must first authorize the amendment under Rule 15(a)); *Hughes v. Auto-Owners Ins. Co.*, 2011 WL 2601519 at *3 (E.D. Mo. June 30, 2011) ("Where a complaint names the wrong party as a defendant, it is appropriate for the plaintiff to seek leave to amend her complaint under Rule 15(a) to name the correct party defendant."). Therefore, Plaintiff's request to amend her pleading must first be considered under Rule 15(a) and 15(b).

### **Analysis of Rule 15(a) and Rule 15(b)**

A plain reading of Rule 15(b) demonstrates that it is inapplicable. Each subsection addresses a very specific scenario. Rule 15(b)(1) addresses "evidence [sought to be presented at trial that] is [arguably] not within the issues raised in the pleadings." Fed. R. Civ. P. 15(b)(1). Rule 15(b)(2) addresses "an issue not raised by the pleadings" which nonetheless is tried by the parties. Fed. R. Civ. P. 15(b)(2). Plaintiff's request to change the Defendant's name falls into neither of these limited categories. Thus, if Plaintiff's request to amend the pleadings is to be granted, it must be through Rule 15(a).

Because Plaintiff's request comes almost five months after service of the original complaint, she certainly cannot amend as a matter of course. *See* Fed. R. Civ. P. 15(a)(1). Nonetheless, a plaintiff may amend its pleading with the court's leave which should be freely given when justice so requires. *See* Fed. R. Civ. P. 15(a)(2). Indeed, when the proper party is served but misnamed in the complaint, changing the misnamed party should be allowed as a matter of course as long as it satisfies the requirements of Rule 15(c)(1)(C). *Cf. Hayes v. City of Saint Paul, Minnesota*, 2017 WL 3382060 at *3 (D. Minn. May 18, 2017) (expressing this presumption when amendment meets requirements of Rule 15(c)(1)(B)). Given that, based on the limited information before the Court, an amendment changing Defendant C3 Pipeline Construction, Inc. to C3 Pipeline Services

LLC would relate back under Rule 15(c)(1)(C), the undersigned would recommend granting the motion to amend pursuant to Rule 15(a).

Unfortunately, allowing such an amendment would not permit the second remedy requested by Plaintiff—"that the Court enter judgment against C3 Pipeline Services LLC in accordance with the jury's advisory verdict . . . ." *Doc. 58* at 7. This relief is not possible because of the operation of Rule 15(a). When an amended complaint is permitted by the court under Rule 15(a) after the time for responding to the original pleading has lapsed, the defendant is given "14 days after service of the amended pleading" to plead in response. Fed. R. Civ. P. 15(a)(3). Thus, Rule 15(a) assumes an amended complaint will be filed, anticipates service of that pleading, and provides a renewed time for an answer. Moreover, "an amended complaint supercedes an original complaint and renders the original complaint without legal effect." *Mink v. Suthers*, 482 F.3d 1244, 1254 (10th Cir. 2007) (internal quotation marks and citations omitted). Consequently, the default judgment as to liability founded on the original complaint will become a nullity. Thus, granting Plaintiff's motion to amend will effectively restart her case. She would have to serve Defendant C3 Pipeline Services LLC with the amended complaint. And Defendant C3 Pipeline Services LLC would

have an opportunity to answer. If it failed to do so, then the steps of Rule 55 would be taken again. *See* Fed. R. Civ. P. 55.[1]

A somewhat different line of reasoning which reaches the same result can be seen in *FDIC v. Weise Apartments*, 192 F.R.D. 100 (S.D.N.Y. 2000). In *FDIC*, plaintiff served its original complaint and two out of three defendants failed to answer or respond. *Id*. at 102. The court subsequently granted the motion for default judgment against the non-responsive defendants. *Id*. On the basis of the default judgment, the *FDIC* court granted plaintiff its declaratory and injunctive relief and "directed that the *FDIC*'s money damage claims be sent to [a magistrate judge] for an inquest." *Id*. Thereafter, due to a ruling in a related state case, the plaintiff moved for permission to file an amended complaint against the three defendants. *Id*. The motion was granted and, on this occasion, all defendants answered. *Id*. at 102–03. The defendants then moved to set aside the prior default judgment. *Id*. The *FDIC* court concluded that because the default judgment had been entered on the original complaint, a Rule 15(a) motion to amend the complaint was in essence a motion to vacate the default judgment pursuant to Rule 59(e) and/or Rule 60(b). *Id*. at 103. In other words, the court concluded that it lacked the "authority to allow the amended complaint to be entered without first vacating the default judgment." *Id*. Instead, because the defendants had

---

[1] The undersigned expresses no opinion about whether a second jury trial regarding damages would be necessary.

misled plaintiff about their willingness to be bound by the default judgment notwithstanding the amended complaint, the *FDIC* court permitted the plaintiff to withdraw the amended complaint and enforced the default judgment on the original complaint. *Id*. at 103–05. The undersigned agrees with the reasoning and holding of *FDIC*. Applying it to the instant case, Plaintiff may be permitted to amend her complaint, but doing so would vacate the default judgment as to liability.

This approach also avoids thorny due process considerations. Because no one affiliated with any C3 Pipeline entity is before the Court and Plaintiff has not provided much evidence on the point, there is a distinct lack of information about the relationship between C3 Pipeline Construction, Inc. and C3 Pipeline Services LLC. The Court cannot be certain if both exist and are closely related, if C3 Pipeline Services LLC simply does business as C3 Pipeline Construction, Inc., or perhaps some other circumstance is at play. Depending on such facts, due process could forbid a change to the Defendant's name in the complaint. *See Nelson v. Adams USA, Inc.*, 529 U.S. 460 (2000); *see also G.B. Holdings, Inc. v. Steinhauser*, 862 So.2d 97 (Fla. Dist. Ct. App. 2003) (reversing order amending default judgment from K.B. Holdings, Inc. to G.B. Holdings, Inc. despite G.B. Holdings, Inc. receiving a copy of the original complaint). Moreover, should the judgment be entered against C3 Pipeline Construction, Inc. as Plaintiff originally identified the Defendant, she will still have the opportunity to enforce that judgment against C3 Pipeline Services, Inc. if appropriate. Execution of the judgment whether

9

pursued in federal court or state court will be in accordance with the procedures of the states in which the plaintiff is seeking the assets. *See, e.g.*, Fed. R. Civ. P. 69. In the context of enforcing judgments, most states hold that "so long as the defendant can be identified as the one against whom the judgment was rendered, he is as much bound by the judgment, and those claiming under the judgment are as much entitled to its benefits, to all intents and purposes, as if the defendant had been sued by his right name." *Toulousaine de Distrib. v. Tri-State Seed & Grain*, 520 N.W.2d 210, 214 (Neb. Ct. App. 1994) (quoting *Aman Collection Service, Inc. v. Burgess*, 612 S.W.2d 405, 408 (Mo. Ct. App. 1981)); *see, e.g., Custom Radio Corp. v. Passenger Transp. Specialists, Inc.*, 241 P.3d 658 (Okla. Civ. App. 2010). Thus, Plaintiff can execute against C3 Pipeline Services, Inc. on this Court's judgment against C3 Pipeline Construction, Inc. if she makes such a showing in the forum in which she finds Defendant's assets. This approach will ensure the adequate due process for C3 Pipeline Services, Inc. as it will be properly named and served in that future execution action.

**Conclusion**

Based on the foregoing, the undersigned first recommends that Plaintiff's motion (*doc. 58*) seeking permission to file an amended complaint to change Defendant C3 Pipeline Construction, Inc. to C3 Pipeline Services LLC, and requesting that the Court enter judgment against C3 Pipeline Services LLC, be denied. The undersigned further recommends that, if Plaintiff files a subsequent motion seeking only to amend the

10

complaint, it be granted. However, prior to granting such a motion the Court should vacate the default judgment and order the amended complaint to be properly served on the renamed Defendant.

_____
GREGORY B. WORMUTH
UNITED STATES MAGISTRATE JUDGE

**THE PARTIES ARE FURTHER NOTIFIED THAT WITHIN 14 DAYS OF SERVICE** of a copy of these Proposed Findings and Recommended Disposition they may file written objections with the Clerk of the District Court pursuant to 28 U.S.C. § 636(b)(1). **A party must file any objections with the Clerk of the District Court within the fourteen-day period if that party wants to have appellate review of the proposed findings and recommended disposition. If no objections are filed, no appellate review will be allowed.**